## FRANK BUDNEK, Appellant, v. FRANCES V. BUD-NEK, Respondent.

**Kansas City Court of Appeals, January 27, 1908.**

1. **TRUSTS AND TRUSTEES: Declaration of Trust: Statute: Evidence.** On a review of the evidence it is held if it be conceded that the defendant took the title to hold as security for money loaned the plaintiff by their mother, then there is no writing thereof nor reference thereto in the conveyance and the statute provides such declarations must be evidenced by writing.

2. ————: **Evidence.** On all the evidence it is found that the plaintiff borrowed no money at the time of the execution of the deed to the defendant and that the defendant holds the title simply as trustee for the plaintiff.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED.

*Thos. F. Ryan* and *C. F. Keller* for appellant.

(1)   The court erred in its finding and decree. There was no substantial evidence to support the same. An examination of all the evidence shows that appellant was clearly entitled to the relief prayed for.   The evidence established beyond controversy that respondent held the title to appellant's property in trust for him and was to reconvey the same when requested.   (2) There is not one scintilla of evidence in this whole record to show that at the time the deed was executed there was any agreement or intention of the parties that this deed should be treated as a mortgage.   (3)   It is the duty of the appellate courts in equitable cases to review all the facts.   Worrens v. Ritchie, 128 Mo. 311; Lins v. Lenhardt, 127 Mo. 271; McMurray v. McMurray, 180 Mo. 526.

*M. A. Hartigan, Geo. W. Groves* and *M. A. Reed* for respondent.

(1)    The general objection made by opposite counsel in their brief that the findings of fact by the lower court, are not sustained by the whole evidence, cannot, we submit, receive the approval of this court.    (2)    The Supreme Court of Missouri holds otherwise.    It declares that a mortgage may be given to secure future advances, or as a general security for balances which may become due.    Foster v. Reynolds, 38 Mo. 553; Jones on Morts. (3 Ed.), secs. 272, 325; Shoe Co. v. Wilson, 63 Mo. App. 326; Williams v. Alnert, 72 Mo. App. 64; Holmes v. Com. Co., 81 Mo. App. 97; Russel v. Letton, 56 Mo. App. 548; Rice Bros. v. Davis, 99 Mo. App. 640. (3)    Where written conclusions of fact have been found by the court, they are in the nature of a special verdict, and if the record shows there is evidence tending to establish the facts thus found, the appellate court will not disturb them, if the conclusions of law are correct. Freeman v. Moffitt, 119 Mo. 280; Lins v. Lenhardt, 127 Mo. 281; Hughes v. Ewing, 162 Mo. 261; Leavitt v. Taylor, 163 Mo. 170.

BROADDUS, P. J.—This is a suit in equity to declare a trust in favor of plaintiff in certain lots in St. Joseph, Missouri.

The petition states substantially that on and prior to the 18th day of January, 1905, the plaintiff was the owner of said lots, at which time he contemplated erecting improvements thereon; that prior thereto his wife had been insane, at times, and fearing that there might be a recurrence of her mental condition, and that by reason thereof he would not be able to encumber his property to raise money, which he anticipated he would have to do for the purpose of making such improvements, he consulted his sister the defendant as to what was best to do under the circumstances; that defendant ad-

vised him to deed the property to her, and that she would deed it back to him whenever he might direct, or to any other person as he might prefer; that it was the understanding that when he delivered to her a deed to the property she would execute some paper showing the conditions upon which she held the title; that he caused a deed to be prepared conveying said lots to defendant and gave it to his brother John with instructions to deliver it to the defendant and at the same time have her execute some paper showing that she held the title in trust for his benefit; that John without his knowledge or authority filed said deed for record; and that defendant surreptitiously obtained possession of said deed and retains the same and refuses to reconvey the said lots to plaintiff.

The defendant filed an answer denying the substantial allegations of the petition.   After a conclusion of all the evidence by leave of court defendant was permitted to file an amended answer.   The plaintiff objected to the action of the court in permitting the amendment, but as we view the case, we do not deem the question of any importance.

The court found the following facts:   That the plaintiff executed and delivered the deed in controversy as security for a loan for money borrowed from Mary Budnek in the sum of $1,200 with the understanding and agreement with the said Mary that defendant should retain the title to said lots until the said sum of $1,200 was paid to the said Mary or her assigns; that no part of said sum of money has been paid and the court further found that subject to said loan for said sum of money and interest as six per cent from the commencement of this action plaintiff is the owner of said lots. The court rendered a decree in accordance with the finding from which plaintiff appealed.

At the time of the transactions to be related, the

plaintiff lived in St. Joseph, John Budnek at Kansas City and the defendant and her mother and other members of the family at Hastings, Nebraska.    It was a Polish family, the mother unable to speak the English language.    It was shown by the testimony of plaintiff, his brother, Jo and his sister and the wife of Jo, that the agreement between plaintiff and defendant was that he would make out a deed conveying the lots to defendant and send it by his brother John to be delivered, upon the delivery to him of some paper showing that defendant held the title in trust for plaintiff.    John testified that he got the deed from plaintiff filed it for record, then took it to Hastings and put it in a drawer in the house in which defendant and her family resided.    The defendant got possession of the deed and it is immaterial for the purposes of the case how she got it.

It is the contention of the defendant that the deed was held by defendant as security to Mary Budnek her mother, for the payment of the sum of $1,200, which he borrowed from her.    There is no dispute but what plaintiff on April 10, 1905, did obtain $1,200 from his mother but he claims that he got it for his brother John.    He and John both so testified and there is no positive evidence to the contrary.

The defendant testified that John gave the deed to her mother and that her mother kept it.    She was asked as follows:    "What was said, if anything was said, Frances, about John getting any money for Frank at the time he delivered the deed or gave her the deed."    Ans. "I don't remember."    It is an admitted fact that at some time after John delivered the deed he applied to his mother for money, but did not get it.    Frank and John both testified that afterwards Frank undertook to get money from his mother for John.    John claimed that his mother had money which he had earned from time to time and deposited with his mother.    Afterwards it appears that plaintiff on two different occas-

ions asked defendant to reconvey the property to him, and that her mother told her each time not to sign it until Frank paid her the $1,200 he had got from her. She is corroborated in this by Mr. and Mrs. Smeals the latter being defendant's sister, and by the notary who was present to take her acknowledgment to the deed of reconveyance.

The defendant denied ever having had any conversation, or making any agreement with plaintiff to deed the property back to him and that the only reason she did not reconvey it to him was that her mother told her not to do so, but afterwards stated that she would not have conveyed it back to him, if her mother had not forbid her to do so. It is sufficient to say in reference to the defendant that her examination as a witness disclosed, that she had but little understanding of the transaction at best, and that she was unable to tell in a satisfactory manner what did in fact take place at that time. There is no positive evidence in the case showing that at the time Frank got the $1,200 or at any other time, that he agreed to pledge his lot in any way as security for its payment to his mother, or agreed that defendant should hold the title in trust as security for its payment. The only evidence relating thereto is that where the mother forbade the defendant signing the deed reconveying the property to plaintiff.

If it be conceded as contended by defendant, that plaintiff borrowed the $1,200 on his own account and not for John and agreed at the time that the deed in question executed prior thereto and held by defendant, should be retained as security for the payment of said sum of money to the mother, still the defendant has no standing in equity. If such a trust existed it rested in parol, for there is no reference to it in the deed. Section 3416, Revised Statutes 1899, provides that all declarations of trust or confidence in land shall be evidenced by writing otherwise they shall be void. But upon all

the evidence introduced, there can be no doubt that plaintiff did not borrow the $1,200 from his mother on his own account but that he obtained it for his brother John.

The finding and judgment is reversed and held for naught and it is adjudged that defendant be divested of the title in and to said lots and that it be vested in plaintiff and that a decree to that effect be entered upon the records of the circuit court. All concur.